Samuel W. Eager, J.
This is a motion by plaintiff for leave to serve a supplemental summons and a supplemental complaint for the purpose of bringing into the action certain persons as *794 parties on the ground that they are successors in interest or transferees of a deceased defendant. The action is brought against two defendants to recover a sum of money for property damage alleged to have been occasioned by their negligence and it appears that one of the defendants did die after the commencement of the action. The plaintiff does not submit a proposed supplemental complaint, but it would appear from the moving-papers that it is plaintiff’s contention that the action may now be continued as against the persons proposed to be brought in as parties on the theory that, having, without consideration, succeeded to the legal title to certain real property owned by the deceased defendant at the time of the alleged accident, they are his “successors in interest” within the meaning of the provisions of article 4 of the Civil Practice Act.
It is true that the alleged cause of action, being grounded in negligence, survives the death of the deceased defendant. (Decedent Estate Law, § 118.) In the ordinary course, such an action may be continued against the personal representatives of the deceased defendant, that is, against his executors or administrators. (Decedent Estate Law, § 118.) Generally speaking, too, where a cause of action of any nature to recover a sum of money survives, a pending action thereon may be continued as against persons who are 1 ‘ successors in interest ’ ’ of a deceased defendant though not qualifying as his personal representatives. (Civ. Prac. Act, art. 4.) But it is clear that the persons sought to be brought in as parties to the action here before the court are not the successors in interest of the deceased defendant, that is, with respect to the cause of action pleaded.
In my opinion, in an action to recover a sum of money only, the term “ successors in interest ” of a deceased defendant, as such term is used in the Civil Practice Act provisions, generally means the person or persons upon whom liability devolves with respect to the cause of action pleaded. This action may not be continued as against the proposed defendants merely upon the ground that they have succeeded to the title to certain real property owned by the deceased defendant at the time of the alleged accident. Such persons are not ‘ ‘ successors in interest ’ ’ with respect to the cause of action pleaded. The fact that the plaintiff may now or eventually have an independent cause of action against such persons to set aside transfers of realty to them as fraudulent as against the plaintiff does not, in my opinion, justify the bringing in of such persons as defendants at this time.
Motion denied. Settle order on notice.